# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMAL WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:12CV903 |
| | ) |
| LEWIS SMITH, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner does not appear to state any proper claim for relief. Petitioner seeks to challenge a prison disciplinary conviction. He claims that his due process rights were violated. Such a challenge can be raised, but is very limited. In a prison disciplinary hearing, an inmate has a right to advance written notice of his charges, a chance to present evidence, and a written statement from the factfinder explaining the evidence relied upon and the reasons for the ultimate decision. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)). In addition, the factfinder's decision must find some support in the evidence. Id. at 455. Petitioner alleges only that statements used against him were false. This is an attempt to relitigate the merits of the disciplinary hearing, not an allegation of a lack of due process as described by the Supreme Court. Petitioner also states that other federal rights or statutes were violated, but alleges no facts that would support this. At best, he makes only conclusory statements to this effect.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: August 27, 2012